FILED
NOVEMBER 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH PAPALEO; and MURELLA PAPALEO; | ) ) ) | **07 C 6660** |
| Plaintiffs, | ) ) | No. |
| vs. | ) ) | Judge |
| | ) | Magistrate Judge  **JUDGE MORAN** |
| CITY OF CHICAGO; Chicago Police Officers JERRY ANDERSON, Star 6059; and FUSTO AYALA, Star 12997; | ) ) ) ) ) | **MAGISTRATE JUDGE COX** Jury Demand |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiffs are United States citizens, and residents of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. At the time of the incident, both Plaintiffs were 66 years-old.

9. On or about December 18, 2006, Plaintiffs' daughter, Cherie Davis, was in her car

in front of Plaintiffs' home located at 3344 North Opal Avenue, Chicago.

10. Cherie Davis was with her two children and her friend Dominic Navarra.

11. A former acquaintance, Alexander Felix, followed Cherie home.

12. Cherie became frightened.

13. Cherie called 911 and reported that Alexander was stalking her.

14. Cherie also called her mother, Plaintiff MURELLA PAPALEO, and told her that Alexander had followed her home and was attempting to get into her car.

15. MURELLA PAPALEO informed Plaintiff KENNETH PAPALEO about Alexander following Cherie.

16. Both MURELLA and KENNETH went to the window and saw Alexander trying to open Cherie's car's door.

17. Upon information and belief, either KENNETH or his step-son, Ronald Reno, called 911.

18. After a few minutes, inspector Berry arrived on the scene.

19. A short time after inspector Berry arrived, Defendant-Officers JERRY ANDERSON and FUSTO AYALA, arrived on the scene.

20. After the Defendant-Officers arrived, Plaintiffs exited their house and approached Cherie, Alexander, and the Defendant-Officers.

21. Standing in his yard, KENNETH told the Defendant-Officers that he wanted Alexander arrested for stalking his daughter and for phone harassment.

22. One of the Defendant-Officers told KENNETH to, "Go back in the fucking house."

23. KENNETH again told the Defendant-Officers that Alexander was stalking his daughter and calling his house, and that he wanted Alexander arrested.

24. A Defendant-Officer pushed KENNETH in the chest.

25. The Defendant-Officer then grabbed KENNETH's arm and twisted it.

26. The other Defendant-Officer grabbed KENNETH's other arm.

27. KENNETH was seized and not free to leave.

28. KENNETH had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that KENNETH had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause,

reasonable suspicion, consent, or any other lawful basis to seize KENNETH.

29. A Defendant-Officer kneed KENNETH in the groin.

30. KENNETH fell to his knees and the Defendant-Officer kicked him in the leg and hit him on the back of his neck.

31. KENNETH was then held on the ground by the Defendant-Officers.

32. Plaintiff MURELLA PAPALEO approached the Defendant-Officers asked why they were beating her husband.

33. The Defendant-Officer who kneed KENNETH violently pushed MURELLA in the chest.

34. MURELLA stumbled backwards and began crying.

35. MURELLA then walked away.

36. Defendant-Officers eventually arrested Alexander Felix for harassment by telephone.

37. Plaintiffs were never charged.

38. Plaintiffs made a complaint with OPS about the incident (LOG# 1002099).

39. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

40. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

41. Plaintiff KENNETH PAPALEO realleges paragraphs 1 through 40 as if fully set forth herein.

42. Defendant-Officers did not have a lawful basis to stop or seize KENNETH.

43. The actions of Defendant-Officers in seizing KENNETH without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, KENNETH asks that this Honorable Court:

a)   Enter judgment against Defendant-Officers;

b)   Award compensatory and punitive damages, as determined at trial;

c)   Award attorneys' fees and costs;

d)   Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

44.   Plaintiff KENNETH PAPALEO realleges paragraphs 1 through 40 as if fully set forth herein.

45.   The actions of Defendant-Officer violated KENNETH's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, KENNETH asks that this Honorable Court:

a)   Enter judgment against said Defendant-Officer;

b)   Award compensatory and punitive damages, as determined at trial;

c)   Award attorneys' fees and costs;

d)   Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

46.   Plaintiff MURELLA PAPALEO realleges paragraphs 1 through 40 as if fully set forth herein.

47.   The above-described conduct violated MURELLA's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, MURELLA asks that this Honorable Court:

a)   Enter judgment against said Defendant-Officer;

b)   Award compensatory and punitive damages, as determined at trial;

    c)    Award attorneys' fees and costs;

    d)    Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

48.    Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

49.    While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

50.    Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)    Enter judgment against Defendant-Officers;

    b)    Award compensatory and punitive damages, as determined at trial;

    c)    Award attorneys' fees and costs;

    d)    Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

51.    Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

52.    The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

53.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiffs demands trial by jury on all counts.**

                            Respectfully submitted,

                            /s/Louis J. Meyer
                            Louis J. Meyer
                            *Counsel for the Plaintiffs*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595