UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH PAPALEO; and<br>MURELLA PAPALEO | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | NO.  07 C 6660 |
| CITY OF CHICAGO;<br>Chicago Police Officers<br>JERRY ANDERSON, Star 6059; and<br>FUSTO AYALA, Star 12997; | )<br>)<br>)<br>)<br>) | JUDGE MORAN<br>MAGISTRATE JUDGE COX |
| Defendants. | ) | JURY TRIAL DEMANDED |

**<u>DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFFS' COMPLAINT</u>**

Defendant City of Chicago ("City") and Defendant Officers, Jerry Anderson and Fausto Ayala, (collectively referred to as "Defendants"), by one of their attorneys, Marcy M. Labedz, Assistant Corporation Counsel, hereby submit their Answer, Affirmative Defenses, and Jury Demand to Plaintiffs' Complaint.

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**<u>ANSWER</u>:**     Defendants admit the allegations contained in Paragraph 1, but deny any wrongful or illegal conduct.

2.      Jurisdiction for Plaintiff's [sic] federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**<u>ANSWER</u>:**     Defendants admit this Court has jurisdiction over this matter, but deny the remaining allegations and complained of conduct contained in Paragraph 2.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendants admit that venue is proper, but deny the remaining allegations and complained of conduct contained in Paragraph 3.

### Parties

4. Plaintiffs are United States citizens, and residents of Chicago, Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Defendant police officers are duly appointed and sworn city of Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5, but deny any wrongful or illegal conduct.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations contained in Paragraph 6.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** The City admits the allegations contained in Paragraph 7, but denies any wrongful or illegal conduct. Upon information and belief, Defendant Officers admit, that the City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois. Further, Defendant Officers admit that they are employed by the Chicago Police Department, and that the Chicago Police Department is their employer and principal, but deny any wrongful or illegal conduct.

### Facts

8. At the time of the incident, both Plaintiffs were 66 years-old.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. On or about December 18, 2006, Plaintiffs' daughter, Cherie Davis, was in her car in front of Plaintiffs' home located at 3344 North Opal Avenue, Chicago.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Cherie Davis was with her two children and her friend Dominic Navarra.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. A former acquaintance, Alexander Felix, followed Cheri home.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11

12. Cheri became frightened.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Cheri called 911 and reported that Alexander was stalking her.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13. Defendants aver that on December 18, 2006, a 911 call was made involving a man with a gun.

14. Cheri also called her mother, Plaintiff MURELLA PAPALEO, and told her that Alexander had followed her home and was attempting to get into her car.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. MURELLA PAPALEO informed Plaintiff KENNETH PAPALEO about Alexander following Cherie.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Both MURELLA and KENNETH went to the window and saw Alexander trying to open Cherie's car's doors.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Upon information and belief, either KENNETH or his step-son, Ronaldo Reno, called 911.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17. Defendants aver that on December 18, 2006 a 911 call was made involving a man with a gun.

18. After a few minutes, inspector Berry arrived on the scene.

**ANSWER:** Upon information and belief, Defendants admit that on December 18, 2006 Inspector Berry arrived at the location of 3344 N. Opal in Chicago. Defendants deny the sequence of events.

19. A short time after inspector Berry arrived, Defendant-Officers JERRY ANDERSON and FUSTO AYALA, arrived on the scene.

**ANSWER:** Defendants admit the allegations contained in Paragraph 19.

20. After the Defendant-Officers arrived, Plaintiffs exited their house and approached Cheri, Alexander, and the Defendant Officers.

**ANSWER:** Defendants deny the allegations contained in Paragraph 20.

21. Standing in his yard, KENNETH told the Defendant-Officers that he wanted Alexander arrested for stalking his daughter and for phone harassment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 21.

22. One of the Defendant-Officers told KENNETH to, "Go back in the fucking house,"

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 22.

23.     KENNETH again told Defendant-Officers that Alexander was stalking his daughter and calling his house, and that he wanted Alexander arrested.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 23.

24.      A Defendant-Officer pushed KENNETH in the chest.

**ANSWER:**    Defendants deny the allegations and complained of conduct contained in Paragraph 24.

25.     The Defendant-Officer then grabbed KENNETH'S arm and twisted it.

**ANSWER:**    Defendants deny the allegations and complained of conduct contained in Paragraph 25.

26.     The other Defendant-Officer grabbed KENNETH'S other arm.

**ANSWER:**    Defendants admit that Defendant Officers grabbed KENNETH'S arms, but deny and wrongful or illegal conduct contained in Paragraph 26.

27.     KENNETH was seized and not free to leave.

**ANSWER:**    Defendants admit that Kenneth Papaleo was temporarily restrained since he failed to calm down and obey the commands given to him by Inspector Berry and Defendant Officers. Defendants deny any wrongful or illegal conduct contained in Paragraph 27.

28.     KENNETH had not violated any city, state, or federal law.  Defendant-Officers did not have any reason to believe that KENNETH had violated, or was about to violate, any city, state or federal law.  Defendant Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to seize KENNETH.

**ANSWER:**    Defendants admit that Kenneth Papaleo did not have an arrest warrant. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 28.

29.     A Defendant-Officer kneed KENNETH in the groin.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 29.

30. KENNETH fell to his knees and the Defendant-Officer kicked him in the leg and hit him on the back of his neck.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 30.

31. KENNETH was then held on the ground by Defendant-Officers.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 31.

32. Plaintiff MURELLA PAPALEO then approached the Defendant-Officers asked why they were beating her husband.

**ANSWER:** Defendants deny the allegations contained in Paragraph 32, and deny the allegations as alleged.

33. The Defendant-Officer who kneed KENNETH violently pushed MURELLA in the chest.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 33.

34. MURELLA stumbled backward and began crying.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 34.

35. MURELLA then walked away.

**ANSWER:** Defendants admit the allegations contained in Paragraph 35, but deny any wrongful or illegal conduct. Further, Defendants deny the sequence of events.

36. Defendant-Officers eventually arrested Alexander Felix for harassment by telephone.

**ANSWER:** Defendants admit the allegations contained in Paragraph 36.

37. Plaintiffs were never charged.

**ANSWER:** Defendants admit the allegations contained in Paragraph 37.

38. Plaintiffs made a complaint with OPS about the incident (LOG# 1002099).

**ANSWER:** Defendants admit the allegations contained in Paragraph 38.

39. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's [sic] rights.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 39.

40. As a direct and proximate result of the acts of the Defendants described above, Plaintiff [sic] has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and other damages including medical expenses.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 40.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

41. Plaintiff, KENNETH PAPALEO realleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER:** Defendants reassert their answers to Paragraphs 1 through 40, as though fully stated herein, as their answer to Paragraph 41 of Count I of Plaintiffs' Complaint.

42. Defendant-Officers did not have a lawful basis to stop or seize KENNETH.

**ANSWER:** Defendants deny the allegations contained in Paragraph 42.

43. The actions of Defendant-Officers in seizing KENNETH without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 43.

### COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

44. Plaintiff KENNETH PAPALEO realleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER:** Defendants reassert their answers to Paragraphs 1 through 40, as though fully stated herein, as their answer to Paragraph 44 of Count II of Plaintiffs' Complaint.

45. The actions of Defendant-Officers violated KENNETH'S Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 45.

### COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

46. Plaintiff MURELLA PAPALEO realleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER:** Defendants reassert their answers to Paragraphs 1 through 40, as though fully stated herein, as their answer to Paragraph 46 of Count III of Plaintiffs' Complaint.

47. The above-described conduct violated MURELLA'S Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 47.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

48.     Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER:**     Defendants reassert their answers to Paragraphs 1 through 40, as though fully stated herein, as their answer to Paragraph 48 of Count IV of Plaintiffs' Complaint.

49.     While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:**     Defendants deny the allegations and complained of conduct contained in Paragraph 49.

50.     Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

**ANSWER:**     Defendants deny the allegations and complained of conduct contained in Paragraph 50.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

51.     Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

**ANSWER:**     Defendants reassert their answers to all of the above Paragraphs and Counts, as though fully stated herein, as their answer to Paragraph 51 of Count V of Plaintiffs' Complaint.

52.     The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:**     Defendants deny the allegations and complained of conduct contained in Paragraph 52.

53.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Defendant Officers object to this allegation to the extent it seeks a legal conclusions and make no answer to Paragraph 53, other than to deny and wrongful or illegal conduct on their part, because it is not directed to them. The City denies the allegations and complained of conduct contained in Paragraph 53.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officer, who perform discretionary functions. At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

### SECOND AFFIRMATIVE DEFENSE:
### STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

Any injuries or damages claimed by the Plaintiffs against Defendant Officers were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiffs. Even if Defendant Officers were liable in damages, the total amount of damages to which Plaintiffs would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of Plaintiffs which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiffs' Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2004) was in effect and reduces a Plaintiffs' recovery according to his contributory negligence

and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### THIRD AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-109

Under state law, the City is not liable to Plaintiffs if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (West 2004).

### FOURTH AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/102

Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against by the injured party or a third party. 745 ILCS 10/2-102 (West 2002).

### CONCLUSION

**WHEREFORE**, Defendants request that judgment be entered in their respective favors and against the Plaintiffs, for the costs of defending this suit, and other such relief as the Court deems just and appropriate.

### JURY DEMAND

Defendants, the City of Chicago, Jerry Anderson and Fausto Ayala, hereby respectively demand a jury trial for all issues so triable.

Respectfully submitted,

/s/ Marcy M. Labedz
MARCY M. LABEDZ
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1400
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (Fax)
Atty. No. 06279219
Dated:  February 19, 2008

## CERTIFICATE OF SERVICE

I, Marcy M. Labedz, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFFS' COMPLAINT** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on February 19, 2008, in accordance with the rules on electronic filing of documents.

/s/ Marcy M. Labedz
MARCY M. LABEDZ
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (Fax)
Atty. No. 06279219